**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**NEUTRON HOLDINGS, INC., d/b/a Lime,**

    **Plaintiff,**

  v.                                 **Civil Action 2:20-cv-5741**
                                            **Judge Sarah D. Morrison**
**MOSHE SCHEINBACH,**                 **Magistrate Judge Chelsey M. Vascura**

    **Defendant.**

## OPINION AND ORDER

Plaintiff, Neutron Holdings, Inc., d/b/a Lime's ("Lime"), commenced this action against Defendant, Moshe Scheinbach ("Scheibach"), under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA"), filing a Motion to Compel Arbitration in conjunction with its Complaint. (ECF No. 1.) Scheinbach filed an earlier, related action against Lime and John Doe Defendants asserting state-law negligence claims arising out of injuries he sustained while riding a Lime scooter. (*See Scheinbach v. Neutron Holdings, Inc.*, *et al.*, S.D. Ohio Case No. 2:20-cv-5511 (the "5511 Action").)

This matter is before the Court on Scheinbach's Motion to Stay the Deadline to Respond to Plaintiff's Complaint and Petition to Compel Arbitration (ECF No. 5), as well as Lime's Motion for Expedited Consideration of Lime's FAA Petition and Motion to Compel Arbitration (ECF No. 11). The motions in essence seek opposite relief: Scheinbach wishes to extend the time for him to respond to Lime's Motion to Compel Arbitration (ECF No. 1), and Lime wishes for the Court to compel Scheinbach to respond and for the Court to decide the Motion to Compel Arbitration on an expedited basis.

A district court has "the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth–Ayerst Labs., Inc.,* No. 1:01-cv-447, 2005 WL 2709623, *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n. v. Miller*, 523 U.S. 866, 880 (1998)); *see also Landis v. N. Am. Co.,* 299 U.S. 248, 254–55 (1936).  The Court, however, "must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Id.* (quoting *Ohio Envtl. Council v. U.S. Dist. Ct.,* 565 F.2d 393, 396 (6th Cir. 1977)).

Scheinbach asserts that this case should not proceed until two conditions are met: First, he argues that Lime must respond to Scheinbach's outstanding discovery requests in the 5511 Action necessary to ascertain the identities of the John Doe Defendants who serviced the scooter at issue.  However, Lime recently agreed to provide the information necessary to ascertain the identities of the John Doe Defendants in the 5511 Action.  (*See* Order denying Scheinbach's Motion to Compel as Moot, ECF No. 15 in the 5511 Action.)  Accordingly, there is no reason to delay resolution of this action on that ground.

Second, Scheinbach contends that the Court should first rule on a similar motion to compel arbitration in another action by Lime against a different individual, as that ruling is likely to prove instructive for the present case.  (*See Neutron Holdings, Inc. v. Bechtel*, S.D. Ohio Case No. 2:20-cv-4626 ("the Bechtel Action").)  The undersigned does not agree that resolution of the motion to compel arbitration in the Bechtel Action is necessary or desirable before resolving the Motion to Compel Arbitration in this case.  Although the cases involve similar issues, the outcome of one is not determinative of the other, and there is no reason they should proceed in any particular order.  Judge Morrison presides over both actions and will thus decide the arbitration-related motions in both cases.  Accordingly, she need not await "instruction" from

herself, and the risk of inconsistent judgments is negligible.  Thus, Scheinbach has not demonstrated that a delay in responding to Lime's Motion to Compel Arbitration is warranted.

Neither, however, has Lime demonstrated that the Motion to Compel Arbitration requires resolution on an expedited basis.  The cases cited by Lime establish only that arbitrability is a threshold issue in cases brought under the FAA and should be resolved prior to resolution of other motions.  The Court does not disagree, and Lime's Motion to Compel Arbitration will be decided within the normal timeframe for the Court to resolve dispositive motions.

Before it can do so, however, it must address Scheinbach's allegation that he was never properly served with the Complaint or Motion to Compel Arbitration.  (*See* Mot. to Stay 5, ECF No. 5.)  Scheinbach's counsel states as follows:

> On November 13, 2020, the undersigned received a parcel from Lime's counsel of record containing a copy of Lime's new case filing [*i.e.*, the Complaint and Motion to Compel Arbitration in this action].  However, at that time, the undersigned was not Mr. Scheinbach's counsel of record in this action, and was therefore not authorized to accept service on behalf of Mr. Scheinbach.  To the undersigned's knowledge, no further attempts at service have been made upon Mr. Scheinbach.

(*Id.*)  The docket reflects that Lime filed a "Notice of Return of Successful Service of Defendant [*sic*], Neutron Holdings Inc., d/b/a Lime's Summons, Complaint, and Petition to Compel Arbitration upon Plaintiff [*sic*] Moshe Scheinbach" on December 10, 2020, purporting to reflect personal service on Scheinbach on November 10, 2020.  (ECF No. 9.)  The declaration contained therein states that a process server personally served a copy of "the Civil Cover Sheet; Complaint and Petition to Compel Arbitration Under the Federal Arbitration Act and to Enjoin Further Proceedings against Plaintiff Lime in the Removed Action or Ohio State Court; Composite Exhibit A; Composite Exhibit B" on Moshe Scheinbach on November 10, 2020.  (*Id.*)  However, the docket does not reflect that Lime ever requested or obtained a summons from the Clerk of

3

Court; nor does the process server's declaration assert that Scheinbach was served with a summons.  Further, the process server's declaration is neither notarized nor made under penalty of perjury as required for unsworn declarations under 28 U.S.C. § 1746.

Accordingly, the docket does not reflect that Scheinbach was properly served with process under Federal Rule of Civil Procedure 4.  *See* 9 U.S.C. § 4 (a petition to compel arbitration may be brought "in a civil action" and "[s]ervice thereof shall be made in the manner provided by the Federal Rules of Civil Procedure").  Scheinbach has not participated in this action other than to file his Motion to Stay (ECF No. 5), in which he raised insufficient service, and therefore has not waived any service-related defenses.  As a result, Scheinbach's time to respond to Lime's Complaint and Motion to Compel Arbitration has not yet begun to run.  Once properly served, Scheinbach must respond to Lime's Complaint and Motion to Compel Arbitration within 21 days as provided by Federal Rule of Civil Procedure 12(a)–(b) and this Court's Local Rule 7.2.  Lime is cautioned that, under Federal Rule of Civil Procedure 4(m), it must effect service on Scheinbach within 90 days of commencing this action, *i.e.*, February 2, 2021, unless it requests and is granted an extension of time.

In sum, for the foregoing reasons, Scheinbach's Motion to Stay (ECF No. 5) and Lime's Motion for Expedited Consideration of Lime's FAA Petition and Motion to Compel Arbitration (ECF No. 11) are both **DENIED**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE